The Honorable Richard A. Jones

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| GEORGE G. ALEXANDER, ) | |
| ) | Case No. 2:19-cv-00652 |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| URSULA GILLIS AGENT, CFO, ) | |
| STEVE BAKER, AGENT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on the United States' motion to dismiss (Dkt. # 10), Plaintiff's objection and motion for more definitive statements (Dkt. # 13) and the United States' motion to strike or dismiss Plaintiff's amended complaint (Dkt. # 17). For the following reasons, the United States' motion to dismiss is **GRANTED**. Dkt. # 10. Plaintiff's motion is **DENIED** (Dkt. # 13) and the United States' motion to strike is **GRANTED** (Dkt. # 17).

## I.    BACKGROUND

Pro se Plaintiff George Alexander initially brought this suit in Skagit County

ORDER - 1

Superior Court on March 28, 2019. Dkt. # 1-1. Plaintiff's complaint appears to concern a controversy related to federal taxes and seeks a declaration that he does not owe outstanding federal income taxes and civil penalties for tax year 2015. Dkt. # 1-1 at 13-16. On May 2, 2019, the Government timely removed the action to this Court. Dkt. # 1. The Government now moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, failure to state a claim, and failure to comply with Fed. R. Civ. P. 11, LCR 10(e)(4), and Washington Superior Court Civil Rule ("CR") 11(a). Dkt. # 10.

## II. DISCUSSION

### A. United States' Motion to Dismiss

The Government argues that Plaintiff's claims are barred by the doctrine of sovereign immunity and must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. # 10 at 7. The Court agrees. The United States is immune from lawsuit unless it has unequivocally waived its immunity. *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003). Plaintiff bears the burden of establishing the United States consents to be sued. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Otherwise, a court lacks subject matter jurisdiction over claims against the United States. *Balser*, 327 F.3d at 907.

Here, Plaintiff asserts claims against the Internal Revenue Service ("IRS"), and two IRS employees,[1] in their official capacity. As the Government correctly notes, the proper defendant in this action is the United States. Dkt. # 10 at 7. *See Blackmar v. Guerre*, 342 U.S. 512, 514 (1952) (Absent explicit language authorizing suit, a federal agency may not be sued in its own name); *see also Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001) (In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States).

---

[1] Although Plaintiff identifies Steve Baker and Ursula Gillis as individual defendants, he does not allege any claims against them in their individual capacities.

With respect to Plaintiff's claims against the United States, there has been no showing that the United States has, (1) explicitly consented to the suit under the terms of a statute or, (2) waived sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 590 (1941). First, Plaintiff's claims for declaratory judgment are prohibited by the Declaratory Judgment Act which expressly omits from its scope any matter "with respect to Federal taxes." *Bob Jones University v. Simon*, 416 U.S. 725, 742 n.7, n. 15 (1974).

Plaintiff's claims are also prohibited by the Anti-Injunction Act ("AIA"), which has been broadly construed to deprive courts of jurisdiction to enjoin any type of IRS activity that may, even indirectly, affect the assessment or collection of taxes. *See Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974). At its core, Plaintiff's complaint appears to be based on the allegation that he does not owe federal taxes for the periods in question. Although there are limited exceptions to the AIA, Plaintiff does not allege any facts to establish the applicability of those exceptions to his claims.[2] In addition, Plaintiff fails to allege any facts to suggest that he fully paid his federal taxes for the tax periods at issue, as required to dispute any assessed tax in federal district court. *Hutchison v. United States*, 677 F.2d 1322, 1325 (9th Cir. 1982); *see also* Dkt. # 10-1.

To the extent Plaintiff is attempting to allege quiet title, wrongful levy, or damages claims, these claims similarly fail because Plaintiff does not plead any facts or legal authority to show that there was a waiver of sovereign immunity. Accordingly, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. Because the Court concludes that it lacks subject matter jurisdiction over this action, it will not consider the Government's remaining arguments.

---

[2] On June 26, 2019, Plaintiff filed a document titled "Notice; Claim; Praecipe; Writ; and Memorial for Declaratory Judgment; and Injunctive Relief Prayer." Dkt. # 11. The Court construes this as Plaintiff's response to the Government's motion to dismiss. Plaintiff's response is largely incoherent and fails to address any of the Government's arguments regarding lack of subject matter jurisdiction. Dkt. # 11.

### B. Plaintiff's Objection and Motion for a More Definitive Statement

Nearly a month after the noting date, Plaintiff filed a second document, again objecting to the Government's motion to dismiss and requesting a "more definitive statement regarding legal definitions and grammar being used in Defendant's documents, and offers of obligations, and proceedings." Dkt. # 13. Plaintiff has already been afforded the opportunity to respond to the Government's motion to dismiss (Dkt. # 11) and the Court will not entertain Plaintiff's second, untimely, objection.

In the same motion, Plaintiff requests a "more definitive statement regarding legal definitions and grammar being used in Defendant's documents, and offers of obligations, and proceedings." Dkt. # 13. To the extent it is decipherable, Plaintiff appears to challenge this Court's jurisdiction and request dismissal of his case. Dkt. # 13 at 21. Specifically, Plaintiff argues that he was not properly "identified" in this action because his name appears in all capital letters in the case caption and correspondence from the Internal Revenue Service. Dkt. # 14 at 5-10. Plaintiff's argument is frivolous and entirely without merit. *Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008). Plaintiff's motion for a more definitive statement is **DENIED**. Dkt. # 13.

### C. United States' Motion to Strike or Dismiss

On September 27, 2019, Plaintiff also filed an amended complaint. Dkt. # 16. Plaintiff's amended complaint is untimely and was filed without leave from this Court. Under Fed. R. Civ. P. 15(a)(1)(B), a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If, as in this case, the deadline to file an amended pleading has already passed, amendment is only permitted with the opposing party's consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff filed his amended complaint several months after the United States served its motion to dismiss with the Government's consent or the leave of this Court. The United States' motion to strike the

amended complaint is **GRANTED** (Dkt. # 17) and Plaintiff's amended complaint is **STRICKEN**.

### III.  CONCLUSION

For the foregoing reasons, the United States' motion to dismiss is **GRANTED**. Dkt. # 10.  Plaintiff's objection and motion for more definitive statements is **DENIED**. Dkt. # 13.  The United States' motion to strike Plaintiff's amended complaint is **GRANTED**.  Dkt. # 17.

Dated this 4th day of February, 2020.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge